UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS VACATION FUND, and**
**MICHAEL R. RYAN,**

                **Plaintiffs,**

     v.                                       Case No. 05-C-1290

**SOUTH STAR INC.,**

                **Defendant.**

## ORDER ON THE PLAINTIFFS' MOTION TO STRIKE

On January 19, 2006, this case was transferred to this court for further proceedings, upon the parties' consent to the exercise of full jurisdiction by a magistrate judge. On January 23, 2006, the plaintiffs filed a motion to strike the defendant's answer and thereafter voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). As grounds for its motion to strike, the plaintiffs claim that the South Star Inc. ("South Star"), appears by Eric M. Johnson ("Johnson"), who is not an attorney. The Corporate Registration Information System of the Wisconsin Department of Financial Institutions, available at http://www.wdfi.org/apps/cris, indicates that Johnson is a registered agent of South Star. In addition, the docket confirms that Johnson is acting pro se.

While it may not be obvious to a layperson, a corporate officer who is not an attorney may not appear pro se on a corporation's behalf. Operating Eng'rs Local 139 Health Benefit Fund v. Rawson Plumbing, Inc., 130 F. Supp. 2d 1022, 1024 (E.D. Wis. 2001); Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003); Mendenhall v. Goldsmith, 59 F.3d 685, 687 (7th

Cir. 1995); Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985). However, Johnson has already filed an answer in this case. This affects the procedures required for properly dismissing this case. The plaintiffs seek dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), which governs voluntary dismissal by the plaintiff without court order. That Rule reads as follows:

> (a) Voluntary Dismissal: Effect Thereof.
> (1) By Plaintiff; by Stipulation. . . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs

If the answer that Johnson filed on behalf of the defendant corporation is stricken from the record, it is as if it were never served and filed, and the requirements of Rule 41(a)(1)(i) will be satisfied. However, striking an answer from the record is a drastic measure that should be not be casually undertaken. According to the plaintiffs, the parties have resolved their dispute and neither wish to pursue this case. The answer that was filed does not set forth a counterclaim against the plaintiffs, and South Star might welcome its answer being stricken, if that would expedite termination of this case and would prevent the need to obtain counsel for the sole purpose of stipulating to dismissal.

In light of these circumstances, the defendant's answer filed by Johnson will be treated as an unsigned pleading pursuant to Federal Rule of Civil Procedure 11(a) for a period of twenty-one days. Rule 11(a) requires all pleadings, motions, and other papers to be signed by an attorney of record for the party. The defect has been properly called to the court's attention by way of the plaintiffs' motion to strike. If South Star wishes to correct its answer, oppose dismissal, or take any other action in this case, it must do so within twenty-one days from the date of this order. Correction of the answer may be made by submission of a duplicate answer that contains the signature of a retained

attorney or by filing a separate answer filed on behalf of South Star by a retained attorney. If South Star fails to correct its answer within the time required, the court will grant the plaintiffs' motion to strike and this case will be dismissed pursuant to plaintiffs' voluntary action.

**IT IS THEREFORE ORDERED** that South Star must correct its answer by one of the methods described herein within **twenty-one days.** Failure to do so will result in the answer being stricken without further notice and the case dismissed.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2006.

s/AARON E. GOODSTEIN<br>
United States Magistrate Judge