# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS VACATION FUND, and**
**MICHAEL R. RYAN,**

      Plaintiffs,

v.                **Case No. 05-C-1290**

**SOUTH STAR INC.,**

      Defendant.

### ORDER GRANTING THE PLAINTIFFS' MOTION TO STRIKE

   Shortly after consenting to this court's full jurisdiction, the plaintiffs in this case filed a motion to strike the defendant's answer so that the case may be voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). Rule 41(a)(1)(i) governs voluntary dismissal by the plaintiff without court order. The rule permits voluntary dismissal only where the plaintiff files "a notice of dismissal at any time ***before service by the adverse party of an answer*** or of a motion for summary judgment, whichever first occurs." FED. R. CIV. P. 41(a)(1)(i)(emphasis added).

   In the present case, South Star Inc. ("South Star") filed an answer to the plaintiffs' complaint on January 18, 2006. However, the answer was filed by Eric M. Johnson ("Johnson"), who is South Star's registered agent but is not an attorney. Thus, Johnson cannot act on South Star's behalf in this case. On that basis, the plaintiffs moved to strike South Star's answer. If the plaintiffs' motion to

strike is granted, it is as if the answer were never served and filed, and the requirements of Rule 41(a)(1)(i) will be satisfied.

However, as explained in this court's January 25, 2006 order, striking an answer from the record is a drastic measure that should not be casually undertaken. Accordingly, the court treated Johnson's answer as an unsigned pleading and permitted South Star twenty days to correct its answer, oppose dismissal, or take any other action it deemed appropriate. In addition, the court explained that failure to correct its answer would result in the court granting the plaintiffs' motion to strike and this case being dismissed pursuant to the plaintiffs' voluntary action. The time for South Star to take action in accordance with the court's January 25, 2006 order has now expired. Accordingly, the court now enters the following order:

**IT IS THEREFORE ORDERED** that the motion to strike is **granted** and this case is **dismissed** pursuant to the plaintiffs' notice of voluntary dismissal already of record.

Dated at Milwaukee, Wisconsin this 24th day of February, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge